MELISSA HOLYOAK, First Assistant United States Attorney (#9832)
MARGOT JOHNSON, Assistant United States Attorney (#16513)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682  •  Facsimile:  (801) 524-3399

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:26-CR-00022-DS |
| Plaintiff, | |
| vs. | UNITED STATES' MOTION FOR DETENTION |
| OLMAN ZUNIGA-MEDINA, | |
| Defendant. | JUDGE DAVID SAM |

The United States advises the Court of its Position Regarding Detention:

☐    The United States is not seeking detention.

☒    The United States moves for detention based on current information.  Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☐    The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☐ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

### OR

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☒ **(A)** a serious risk the defendant will flee; **or**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

### Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days.  18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained.  *Id*.  The rules concerning the admissibility of evidence do not apply at the detention hearing.  *Id*.  The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.  *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☐ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption.  The United States acknowledges that it retains the burden of persuasion.  The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☐ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device.  (18 U.S.C. § 3142(g)(1)).

☐ The weight of evidence against the defendant.  (18 U.S.C. § 3142(g)(2)).

☐ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings.  (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.  (18 U.S.C. § 3142(g)(3)(B)).

☐ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States.  The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☒  Other reasons including:

The United States seeks detention in this matter because no condition or combination of conditions will reasonably assure the appearance of the Defendant and/or the safety of the community.

The Defendant is a 28-year-old native and citizen of Honduras who has been removed from the United States by the U.S. government on 2 prior occasions. Specifically, the Defendant's immigration history indicates the following:

On June 10, 2014, the Defendant was encountered by United States Border Patrol and was issued an I-862, Notice to Appear on June 11, 2014. the Defendant was subsequently ordered removed by an Immigration Judge in absentia in Memphis, Tennessee, on May 12, 2015. On March 18, 2016, the Defendant was removed to Honduras through New Orleans, Louisiana.

On April 19, 2020, the Defendant was encountered by Immigration and Customs Enforcement, and was issued an I-871, Notice of Intent/Decision to Reinstate Prior Order on April 23, 2020, in Ogden, Utah. On May 13, 2020, the Defendant was removed to Honduras through El Paso, Texas.

A review of his file indicates the Defendant never applied to the Attorney General or the Secretary of the Department of Homeland Security for permission to re-enter the United States after having been removed/deported.

Additionally, the Defendant has a concerning criminal history in the United States, which includes the following arrests and/or convictions:

On March 24, 2024, the Defendant was arrested by the Portland Police Bureau for the offense of Driving Under Influence of alcohol, a Misdemeanor. There is no disposition for this case at this time.

On September 14, 2024, the Defendant was arrested by the Beaverton Police Department for the offense of Driving Under Influence Alcohol, a Misdemeanor. There is no disposition for this case at this time.

On April 21, 2020, the Defendant was convicted in the Ogden City Justice Court, Ogden, Utah, for the offense of Intoxication, a Class C Misdemeanor for which he was sentenced to a term of 30 days. Case No. 201800696

On May 5, 2026, the Defendant was convicted in the Third Judicial District-South Salt Lake Justice Court, Salt Lake County, State of Utah for the offense of Driving under the influence- 1st offense in 10 years, a Class B Misdemeanor for which he was sentence to a term of 180 days.

The Defendant should be detained as a flight risk and as a danger to the community. The

Defendant's immigration history evidences his ability to illegally navigate the United States' border with Mexico, his disregard for the immigration laws of the United States, his foreign ties, and his lack of an established legal residence in the United States. Additionally, the Defendant's criminal history indicates his disregard for the criminal justice system, his lack of respect for the criminal laws in the United States, and the danger he poses to the public. Taking into consideration all the above factors, the United States respectfully requests that the Defendant remain detained during the pendency of these criminal proceedings.

### Victim Notification

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

☐ The victim(s) in this matter seek(s) a no contact order.

☒ This matter does not involve a victim requiring notification.

DATED this 11th day of May, 2026.

MELISSA HOLYOAK
First Assistant United States Attorney

*/s/ Margot Johnson*
MARGOT JOHNSON
Assistant United States Attorney